UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

    –v–

Gerardo Hernandez,

    Defendant.

16-cr-717 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On September 9, 2020, Defendant Gerardo Hernandez filed an emergency motion seeking Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

## I. Background

On April 13, 2017, Gerardo Hernandez pled guilty before this Court to conspiracy to commit armed robbery of individuals believed to be engaged in narcotics trafficking. *See* Dkt 58. Mr. Hernandez supplied the loaded firearm as part of the plot to rob the individuals. *See* Sent. Tr. at 25, Dkt 60. Mr. Hernandez was on supervised release at the time of the offense, and this was his second federal offense committed while out on supervised release, and fourth conviction overall. Sent. Tr. 26. Mr. Hernandez was sentenced to 72 months of imprisonment and 3 years of supervised release. *See* Dkt. 58. Though a "serious substantial sentence," the sentence was below the Stipulated Guidelines Range of 151 to 188 months imprisonment. Sent. Tr. at 24.

On September 9, 2020, Mr. Hernandez filed a Motion for Compassionate Release. *See* Dkt. 85 ("Def. Mot."). Mr. Hernandez asserted that the "extraordinary and compelling" grounds for

release were his medical conditions, asthma and diabetes, *inter alia*, because they pose him significant risk of suffering serious health complications from COVID-19 and he is at greater risk of contracting of the virus while incarcerated. Def. Mot. 1, 6. The government filed a response on September 23, 2020, arguing that Mr. Hernandez's circumstances do not warrant release. Dkt. 87 ("Govt. Response"). Mr. Hernandez filed a reply on October 16, 2020. Dkt. 89 ("Reply").

## II. Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that ... extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release, as Mr. Hernandez has done here. *See United States v. Gotti*, No. 02-cr-743, 2020 WL 497987, at *1 (S.D.N.Y. 2020); *United States v. Gross*, No. 15-cr-769, 2020 WL 1673244, at *2 (S.D.N.Y. 2020).

The Second Circuit has recently held that the Sentencing Commission's policy statement §1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable. *See United States v. Brooker*, 2020 WL 5739712 at *6, --- F.3d --- (2020). As such, district

courts may "independently [] determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.'" *Id.* at *5.

The Court has determined that Mr. Hernandez's medical condition is an "extraordinary and compelling" circumstance for the purposes of compassionate release. As the government does not contest, Mr. Hernandez has asthma. *See* Govt. Response. The Center for Disease Control has determined that adults of any age with moderate-to-severe asthma "might be at increased risk from the virus that causes COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions. Mr. Hernandez also claims that he has diabetes, a condition for which the CDC has definitively determined affected persons are at risk for serious complications. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.

The government argues that Mr. Hernandez's medical situation should not be considered "extraordinary and compelling," because his medical records do not show that he has diabetes, that his asthma is only mild, and he his thirty years old. *See* Govt. Response.

The Court need not consider these arguments, because regardless of whether Mr. Hernandez's medical condition constitutes an extraordinary and compelling reason for compassionate release, other considerations warrant against to granting his motion. In addition to determining that a defendant has an "extraordinary and compelling" reason for release, the Court must also consider the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission to determine if release is appropriate. 18 U.S.C. § 3582(c)(1)(A). The Court has determined that compassionate release would be inappropriate because of the seriousness of Mr. Hernandez's offense and the risk of danger to the public if he were released.

First, the Court must consider whether releasing the Defendant would "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).  In sentencing Mr. Hernandez, the Court explained the need to give Mr. Hernandez a substantial sentence to deter him from recidivating.  Sent. Tr. at 28.  The Court gave Mr. Hernandez a sentence of 72 months, which was below the guidelines range of 151 to 188 months of imprisonment.  The government explains that, assuming Mr. Hernandez continues to have good behavior, he still has two and a half years left to serve of his six year sentence.  *See* Letter Response.  Such a significant reduction in Mr. Hernandez's sentence would not adequately reflect the seriousness of his offense and would not serve the purpose of deterring Mr. Hernandez from recidivating in the future.

Second, the Court must consider the "applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), which include consideration of whether releasing the person from incarceration would impose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Mr. Hernandez's conduct in the instant offense included supplying a loaded firearm in an attempt to commit armed robbery.  In addition, in 2008 Mr. Hernandez was convicted of Assault in the Second Degree in New York Supreme Court for slashing a victim in the ear and abdomen with a knife.  Sent. Tr. at 10; PSR at 9.  Mr. Hernandez past criminal history therefore shows a pattern of dangerous and violent conduct that poses a serious safety risk to the community.  And because Mr. Hernandez has a history of committing offenses while under supervision, the Court finds an increased likelihood that he would continue to engage in behavior that is dangerous to the public were the Court to grant his motion.

Though the Court finds Mr. Hernandez's medical condition to be of serious concern during the current pandemic, the factors of § 3553 and the applicable Sentencing Commission policy statements compel the Court not to remove his term of incarceration.

### III. Conclusion

For the reasons articulated above, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

Dated: October 26, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge